**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Bernard Thomas, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | |
| United States of America, | ) | Civil No. 4:06-cv-031 |
| | ) | |
| Defendant. | ) | |

On October 19, 2006, the Government, acting through the Department of Interior, Indian Health Services (IHS), filed a motion for summary judgment in this medical malpractice action on the basis that the Plaintiff had not disclosed an expert witness to support the allegations of professional negligence.[1] The plaintiff, Bernard Thomas (Thomas), contends that he has timely filed a disclosure of an expert witness report pursuant to the Court's Scheduling Order which set March 31, 2007, as the deadline for Thomas to identify the subject matter/discipline of any expert witnesses to be used at trial.

Under North Dakota law, a plaintiff who commences a medical malpractice action must file an expert affidavit with the Court within three (3) months of the commencement of a lawsuit or at a later date set by the court upon a showing of good cause. Section 28-01-46, N.D.C.C. The statute provides in relevant part as follows:

> Expert opinion required to maintain an action based upon alleged medical negligence except in obvious cases. Any action for injury or death alleging professional negligence by a physician, nurse, hospital, or nursing, basic, or assisted living facility licensed by this state or by any other health care organization, including an ambulatory surgery center or group of physicians operating a clinic or outpatient care facility, must be dismissed without prejudice on motion unless the plaintiff serves

---

[1] Although the Government captioned its pleading as a motion for summary judgment rather than a motion to dismiss, the Court will treat the pleading as a motion to dismiss. See N.D.C.C. § 28-01-46.

upon the defendant an affidavit containing an admissible expert opinion to support a prima facie case of professional negligence within three months of the commencement of the action. **The court may set a later date for serving the affidavit for good cause shown by the plaintiff.** The expert's affidavit must identify the name and business address of the expert, indicate the expert's field of expertise, and contain a brief summary of the basis for the expert's opinion. This section does not apply to unintentional failure to remove a foreign substance from within the body of a patient, or performance of a medical procedure upon the wrong patient, organ, limb, or other part of the patient's body, or other obvious occurrence.

This case arises out of a claim of a delay in diagnosis of a right knee injury sustained by Thomas on March 27, 1999. It is alleged that Thomas was seen at a medical facility operated by IHS on March 27, 1999, and again on April 21, 1999. No x-rays were taken on either of those visits to the clinic. It is further alleged that on August 18, 1999, five months after the initial injury, Thomas was seen again in the clinic with persistent complaints of right knee pain. On that occasion, x-rays were ordered, and the films disclosed an old, displaced fracture of the right patella. As a result, this lawsuit was commenced on April 12, 2006, under the Federal Tort Claims Act. Under North Dakota law, Thomas was required to obtain "an admissible expert opinion" to support the allegations of professional negligence against IHS by July 13, 2006, or at such later date as set by the Court for good cause shown by the plaintiff.

In Weasel v. St. Alexius Medical Center, 230 F.3d 348 (8th Cir. 2000), the Eighth Circuit Court of Appeals was presented with a case of a similar nature arising out of a medical malpractice action in North Dakota. In Weasel, the Eighth Circuit held that under North Dakota law, a plaintiff who commences a medical malpractice action must file an affidavit with the Court within three months of filing the suit unless good cause is shown. 230 F.3d 348, 350. The Court said the statute was designed to minimize frivolous claims against physicians by avoiding the necessity of a trial or action based upon professional negligence unless the plaintiff obtains an expert opinion to substantiate the allegations of negligence. 230 F.3d 348, 351.

Section 28-01-46 of the North Dakota Century Code does not require that a plaintiff establish a prima facie case of professional negligence in an accelerated time frame. Instead, the plain wording of the statute simply requires that "a plaintiff must merely make a proffer of admissible expert opinion within three months of filing the suit or at a later time as granted by the court" upon a showing of good cause by the plaintiff. 230 F.3d 348, 351.

Thomas cites to <u>Weasel</u> for the proposition that the proffer of an admissible expert opinion may be set at "a later time as granted by the court," and that the expert disclosures made in this case fell within the Court's Scheduling Order and thus satisfy the requirements of Section 28-01-46. In essence, Thomas contends that the requirements of Section 28-01-46 are trumped by the Court's Scheduling Order. The Court disagrees. Such an argument lacks any support in case law or the Local Rules of the District of North Dakota. There is no reference in the Court's Scheduling Order to the requirements of Section 28-01-46, nor does Thomas contend that the parties contemplated the requirements of Section 28-01-46 when they stipulated to the scheduling plan. Nevertheless, there are reasons that a dismissal is not warranted.

It is clear and undisputed that the three-month period for the filing of an expert witness affidavit under North Dakota law expired on July 12, 2006. Thomas did not file an expert witness affidavit within the three-month time period. However, the Court finds that "good cause" exists for an extension of the three-month deadline in this particular case. Specifically, the record clearly reveals that (1) counsel for the plaintiff had retained an expert witness <u>prior to</u> the filing of the lawsuit and the expiration of the three-month deadline under Section 28-01-46, <u>and prior to</u> the Government's filing of the motion to dismiss[2]; (2) on February 5, 2006, counsel for the plaintiff was

---

[2] The expert witness retained by the plaintiff is Dr. Ravindra P. Joshi, a board certified orthopedic surgeon who formerly practiced in Williston, North Dakota.

in possession of an expert witness report which supported the claims of professional negligence which was prior to the filing of the lawsuit and prior to the filing of the Government's motion to dismiss; (3) the identity of the plaintiff's expert witness and the expert report were immediately disclosed to the Government upon receipt of the motion to dismiss (see Docket No. 30); and (4) the expert report and the affidavit of the plaintiff's expert witness reveal a factual basis for the claim of professional negligence which eliminates or minimizes concerns of this being a frivolous claim. The primary purpose of the statute has been met although plaintiff's counsel was obviously unaware of the requirements of the statute. Further, no prejudice results by an extension of the deadline under the circumstances with a court trial scheduled to commence on August 27, 2007.

Based on all of the above facts and circumstances, the Court finds that "good cause" exists to deny the dispositive motion and to set a later date for the disclosure of an admissible expert opinion required under Section 28-01-46 of the North Dakota Century Code. Accordingly, **DENIES** the Defendant's Motion for Summary Judgment. (Docket No. 24).

**IT IS SO ORDERED.**

Dated this 13th day of December, 2006.

>  */s/ Daniel L. Hovland*
>  Daniel L. Hovland, Chief Judge
>  United States District Court